IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY PALMER, | ) | CASE NO. 1:09 CV 1881 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

# Introduction

Before me by referral[1] is the *pro se* petition of Ricky Palmer for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Palmer is incarcerated at Trumbull Correctional Institution in Leavittsburg, Ohio, where he is serving a seven-year sentence imposed in 2007 after his conviction by a Cuyahoga County Common Pleas Court jury on charges of burglary and aggravated theft.[3]

In this federal habeas petition, Palmer asserts four grounds for relief:

---

[1] Non-document entry dated 9/22/2009.

[2] ECF # 1.

[3] *Id.* at 1-2. In addition to the convictions at issue here, Palmer is also serving a consecutive three-year term for his convictions on charges of intimidation and retaliation in another case, for an aggregate sentence of 10 years. *See*, ECF # 11 (State return of writ) at 3 n.2.

1.    Ricky Palmer was deprived of his [rights under the] 5th, 6th, and 14th Amendment[s] [to the] Constitution, where the conviction for 2d degree burglary and felony theft were the product of insufficient evidence.[4]

2.    Palmer was deprived of his constitutional right to a fair trial before an unbiased fact finder by the introduction of improper other acts evidence in the State's case in chief.[5]

3.    Palmer was deprived of his constitutional right to confront witness[es] against him by the introduction of hearsay evidence.[6]

4.    Palmer was denied effective assistance of counsel guaranteed by [the] Sixth Amendment of the Constitution.[7]

For the reasons that follow, I will recommend that Palmer's habeas petition be dismissed in part and/or denied in part as set forth in this report and recommendation.

# Facts

## A.    Underlying facts and state trial

The underlying facts as found by the Ohio appellate court[8] are not disputed.  On November 16, 2006, George Todorovich witnessed two men breaking into his brother Jason's home and later getting into a waiting car with Jason's gun case and firebox.[9]  As the

---

[4] *Id*. at 6.

[5] *Id*. at 8.

[6] *Id*. at 9.

[7] *Id*. at 11.

[8] Facts found by the state appeals court on its review of the record are presumed to be correct by the federal habeas court. *Brumely v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 11-2 (opinion of Ohio appeals court) at 90.

men drove away, George attempted to rip the license plate off the car while relaying the number to a police dispatcher by cell phone.[10]

The police found the getaway car in the parking lot of an apartment complex a few blocks away.[11]  Through the open doors, a gun case and fire box were visible on the back seat.[12]  In addition, witnesses at the apartment complex told police an African American male jumped a fence and ran into nearby woods.[13]  Officers located Palmer hiding in the woods, and George identified him as one of the burglars and the driver of the getaway car.[14]

Furthermore, a black coat was discovered in the laundry room of the apartment building, and police found a handgun and collector's coins in the jacket pocket of that coat, all items which Jason later testified were located in his gun case and firebox.[15]  A cell phone recovered from the car was later identified as Palmer's by Catherine Fleegle.[16]

Palmer was indicted by the Cuyahoga County Grand Jury on one count of burglary and two counts of aggravated theft.[17]  In May, 2007, a jury convicted Palmer on all three

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 91.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 1.

counts.[18]  The trial court thereupon sentenced him to seven years in prison:  six years on count one, one year on count two, and one year on count three (counts one and two to run consecutive to each other and concurrent with count three).[19]

**B**.    **Direct appeal**

Palmer, through new counsel,[20] appealed his sentence to the Eighth District Court of Appeals,[21] raising four assignments of error:

1.    Ricky Palmer has been deprived of his liberty without due process of law by his conviction for burglary and felony theft as neither crime was supported by sufficient evidence to prove all of the essential elements beyond a reasonable doubt.[22]

2.    Ricky Palmer was deprived of his constitutional right to a fair trial before an unbiased fact finder by the introduction of improper other acts evidence in the State's case in chief.[23]

3.    Ricky Palmer was deprived of his constitutional right to confront the witnesses against him by the introduction of hearsay evidence.[24]

---

[18] *Id*. at 3.

[19] *Id*. at 4.

[20] Palmer was represented at his original sentencing by David Kraus, *see*, *id*. at 4, and on his direct appeal to the Ohio Eighth District Court of Appeals by Robert M. Ingersoll, *see*, *id*. at 5.

[21] *Id*. at 5.

[22] *Id*. at 13.

[23] *Id*.

[24] *Id*.

> 4.      Ricky Palmer was deprived of his constitutional right to effective assistance of counsel, by trial counsel's [failure to] preserve issues for appeal.[25]

The State responded in opposition,[26] and the Eighth District Court of Appeals affirmed the judgment of the trial court, overruling all of Palmer's assignments of error.[27]

Following the decision of the Ohio appeals court, Palmer, *pro se*, filed a timely[28] notice of appeal to the Supreme Court of Ohio,[29] raising the following four propositions of law in his memorandum in support of jurisdiction:

> 1.      Ricky Palmer was deprived of his right to due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, where his conviction for burglary and theft was product of insufficient evidence.[30]

> 2.      Ricky Palmer was deprived of his constitutional right to a fair trial before an unbiased fact finder by the introduction of improper other acts evidence in the State's case in chief.[31]

---

[25] *Id*.

[26] *Id*. at 49-69.

[27] *Id*. at 87-103.

[28] The appeals court decision was filed on June 16, 2008.  *Id*. at 87.  Palmer filed his notice of appeal with the Supreme Court of Ohio on July 17, 2008.  *Id*. at 108.  Ohio Supreme Court Practice Rule II, § 2(A) provides that, in situations like Palmer's, an appeal must be filed within 45 days.

[29] ECF # 11-2 at 108.

[30] *Id*. at 110.

[31] *Id*.

3.      Ricky Palmer was deprived of his constitutional right to confront the witnesses against him by the introduction of hearsay evidence.[32]

4.      Ricky Palmer was deprived of his constitutional right to effective assistance of counsel by trial counsel's failure to preserve issues for appeal.[33]

The State did not file a response in opposition to Palmer's appeal.  On October 29, 2008, the Supreme Court of Ohio denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[34]  The record does not indicate that Palmer then sought a writ of certiorari from the Supreme Court of the United States.

## C.      Petition for post conviction relief

In December, 2007, while his direct appeal was still pending in state court, Palmer, *pro se*, filed a petition in the Ohio trial court to vacate or set aside judgment of his conviction.[35]  In this post-conviction petition, Palmer asserted a single claim of ineffective assistance of trial counsel, alleging that his trial counsel "did not investigate" and that he "was on crack and a substance abuser."[36]  The State filed in opposition, seeking dismissal of Palmer's petition for post-conviction relief.[37]   In January, 2008, the trial court denied

---

[32] *Id*.

[33] *Id*.

[34] *Id*. at 143.

[35] *Id*. at 144-47.

[36] *Id*. at 145.

[37] *Id*. at 148-68.

-6-

Palmer's post conviction petition.[38]  Palmer's post conviction motion is not at issue in this habeas petition.

**D**.    **Federal habeas corpus**

On August 5, 2009, Palmer filed a timely[39] petition for a writ of habeas corpus[40] under 28 U.S.C. § 2254 asserting four grounds for relief:

> Ground One:  Ricky Palmer was deprived of his 5th, 6th, and 14th Amendment to the Constitution, where the conviction for 2nd degree burglary, and felony theft were product of insufficient evidence.[41]
>
> Supporting Facts:  The evidence was insufficient to convict Palmer of 2nd degree burglary, because there was no person(s) inside the house at the time burglary was being committed, or the prosecution never established that someone was likely to be in the house at the time of the burglary, which, one of these are required in order to establish 2nd degree burglary.  Also, prosecution never proved beyond a reasonable doubt that stolen property was worth more than five hundred dollars, which is required in order to convict of felony theft.[42]
>
> Ground Two:  Palmer was deprived of his constitutional right to a fair trial before an unbiased fact finder by the introduction of improper other acts evidence in the state[']s case in chief.[43]

---

[38] *Id*. at 169.

[39] Palmer's state conviction became final on October 29, 2008, when the Supreme Court of Ohio denied leave to appeal.  The present federal habeas petition was filed August 5, 2009.

[40] ECF # 1.

[41] *Id*. at 6.

[42] *Id*.

[43] *Id*. at 8.

Supporting Facts:  Palmer was deprived of right to unbiased fact finder when witness injected prejudicial testimony that "Mr. Palmer was notorious for breaking into people's houses."[44]

Ground Three:  Palmer was deprived of his constitutional right to confront [sic] [a] witness against him by the introduction of hearsay evidence.[45]

Supporting Facts:  Detective in the case testified that "a lady" called him on cell phone, that he found, and state that []Mr. Palmer was us[]ing car that was used in the crime, and that cell phone belonged to Palmer also. How ever defendant was never able to cross-examine this witness.  There is no proof that this witness even exist[ed], or that she was truthful and was reliable.[46]

Ground Four:  Palmer was denied effective assistance of counsel guaranteed by the Sixth Amendment of the Constitution.[47]

Supporting Facts: Counsel was ineffective by not preserving issues such as, not objecting to hearsay evidence, placing him at the crime scene and in the get-away car.[48]

The State filed a return of the writ.[49]  Palmer did not file a traverse.

---

[44] *Id.*

[45] *Id.* at 9.

[46] *Id.*

[47] *Id.* at 11.

[48] *Id.*

[49] The State's original return of writ, ECF # 9, was replaced by an amended return of writ, ECF # 11, which conformed the pagination of the state record to terms of ECF # 7.

# Analysis

**A.    Preliminary issues**

As a preliminary matter, I observe that the parties do not dispute, and my own review establishes that:  (1) Palmer was in state custody in Ohio pursuant to his Ohio conviction and sentence when he filed the present petition for federal habeas relief, thus establishing jurisdiction in this court over that petition;[50] (2) the present petition was filed within one year of the conclusion of his state review, as required by 28 U.S.C. § 2244(d)(1); and (3) the grounds for relief presented here have been totally exhausted in the Ohio courts.[51]  Thus, I recommend finding that these predicates to habeas review have been met.

Moreover, I note that Palmer has not asked for an evidentiary hearing.[52]  Since the factual record is not contested in any material respect, I recommend finding that no evidentiary hearing is warranted here.[53]

**B.    Standard of review**

**1.    *Contrary to, or unreasonable application of, clearly established federal law***

Unless the state decision at issue is either "contrary to," or involved an "unreasonable application of," clearly established federal law under 28 U.S.C. § 2254(d)(1), the writ may not issue from the federal court.

---

[50] 28 U.S.C. § 2254(a); *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995).

[51] 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[52] *See*, 28 U.S.C. § 2254(e)(2).

[53] *See*, *Reynolds v. Bagley*, 498 F.3d 549, 552 (6th Cir. 2007).

As is now well-established, the terms "contrary to" and "unreasonable application of" are not identical.  The words "contrary to" are to be understood as meaning "diametrically different," "opposite in character or nature," or "mutually opposed."[54]  Under the "unreasonable application" language, a federal habeas court may grant relief only if the state court correctly identifies the governing legal principles applicable to the petitioner's claim but then unreasonably applies that principle to the facts of the petitioner's case.[55]  The proper inquiry under this clause on habeas review is whether the state court's decision was "objectively unreasonable," not simply erroneous or incorrect.[56]  In addition, when analyzing the state court adjudication under either test, the federal habeas court must locate clearly established federal law in the holding of the Supreme Court of the United States.[57]

## C.  Palmer's grounds for habeas relief

*1.  In addressing a claim based on sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  The state court determined there was sufficient evidence to convict Palmer of burglary and theft.  Was the state court's decision an unreasonable application of federal law?*

I note first that Palmer presented this first ground for federal habeas relief – insufficiency of the evidence – as his first assignment of error on direct appeal[58] and as his

---

[54] *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[55] *Id*. at 407-08.

[56] *Id*. at 409-11.

[57] *Id*. at 412.

[58] ECF # 11-2 at 19.

-10-

first proposition of law to the Supreme Court of Ohio.[59]  As will be developed below, I will recommend denying this ground for relief because the Ohio appellate court's decision was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.

The Supreme Court in *Jackson v. Virginia* held that sufficient evidence supports a conviction when, upon viewing the evidence adduced at trial (and the reasonable inferences drawn therefrom) in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found proof of guilt beyond a reasonable doubt as to the essential elements of the offense.[60]  As the Supreme Court has also noted, this test does not permit the reviewing court to make its own subjective determination of guilt or innocence but, rather, gives full play to responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts.[61]

I note further that the appellate court here initially identified *Jackson* as the standard applicable to evaluating Palmer's sufficiency of the evidence claim.[62]  The court then set

---

[59] ECF # 9-2 at 114.

[60] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[61] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[62] ECF # 11-2 at 92.  The appeals court here relied on *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 at ¶ 2 of the syllabus (1991) (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)).  This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.

-11-

forth the essential elements of second-degree burglary under Ohio law,[63] as well as the elements of theft.[64]  Finally, applying the *Jackson* standard by way of *Jenks* to the elements of these offenses, the court then rejected Palmer's claim that his conviction was not supported by sufficient evidence.[65]

As to the crime of second-degree burglary, the appellate opinion noted that Ohio law requires proof that the offender entered an occupied structure that is the permanent or temporary home of a person when any person other than an accomplice of the offender "is present or likely to be present."[66]  In that regard, the appellate court found that "although the burglary occurred while the inhabitants were at work, the break-in occurred close to the time of their departure; thus, there was a likelihood that the inhabitants could have been at home during that time."[67]  Thus, the court concluded there was sufficient evidence presented to demonstrate that the break-in occurred while someone other then the offender was "likely to be present."[68]

Regarding Palmer's conviction for felony theft, Palmer argued that there was no testimony at trial as to the value of each individual item stolen but, rather, the evidence was

---

[63] ECF # 11-2 at 93.

[64] *Id*. at 94-95.

[65] *Id*.

[66] *Id*. at 93.

[67] *Id.* at 94.

[68] *Id*.

simply that the total value of all items was more than $500.[69]  Since, he asserted, he had been indicted only for the theft of the coin collection and gun case, not the fire box or gun, the absence of any value specifically ascribed to the fire box or gun meant that there was insufficient evidence to convict him for theft of those items not listed in the indictment.[70]

The appellate court found that the victim's testimony that the total value of all the stolen items exceeded $500 was sufficient to support Palmer's theft conviction for all items.[71] Specifically, it determined first that while the indictment did not contain the exact statutory language of the offense of theft, it contained all the essential elements in language that was "equivalent" to the statute.[72]  It further found that the State had no duty to list in the indictment every individual item stolen.[73]  Finally, it concluded that the victim's testimony that the total value of the theft was more than $500 was sufficient evidence to support the conviction for theft.[74]

In considering this decision by the Ohio court under the "unreasonable application" rubric applicable here, I note first that the statements by the state appeals court of Ohio law as to both the elements of the individual offenses and the form of the indictment are not

---

[69] *Id.*

[70] *See*, *id.* at 94-95.

[71] *Id.* at 95.

[72] *Id.*

[73] *Id.*

[74] *Id.*

challenged by Palmer.   More importantly, these findings represent "state-court determinations of state-law questions" which "it is not the province" of a federal habeas court to reexamine.[75]

With that predicate, I recommend denying Palmer's first ground of federal habeas relief.  To that end, I recommend finding that the State court decision here holding that there was sufficient evidence to convict Palmer of burglary and aggravated theft was not an unreasonable application of the clearly established federal law of *Jackson.*

**2.     *There is no clearly established  Supreme Court precedent holding that states violate due process by admitting prior bad acts evidence. Is this a noncognizable issue?***

Palmer presented his second habeas ground – the allegedly improper use of prior bad acts testimony – as his second assignment of error in direct review[76] and as his second proposition of law before the Supreme Court of Ohio.[77] As will be discussed below, I recommend denying Palmer's second ground for habeas relief because he presents a noncognizable issue.

In *Bugh v. Mitchell*, the Sixth Circuit held there is no clearly established United States Supreme Court precedent holding that a state court violates due process by admitting other bad acts evidence.[78]  "While the Supreme Court has addressed whether prior acts testimony

---

[75] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[76] ECF # 11-2 at 24.

[77] *Id.* at 118.

[78]  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), *cert. denied*, *Bugh v. Bradshaw*, 540 U.S. 930 (U.S. Oct. 6, 2003).

is permissible under the Federal Rules of Evidence, it has not explicitly addressed the issue in constitutional terms."[79]  Thus, as *Bugh* observed, without a Supreme Court precedent as to the constitutional effect of prior acts testimony, a state court decision upholding its use could not be "contrary to" clearly established federal law and so cannot be the basis of habeas relief.[80]

Here, as the Ohio appeals court noted, the State used more than the prior bad acts statement to prove their case against Palmer.  The cumulative effect of all the evidence was such that, even without the prior bad acts statement, the State proved its case beyond a reasonable doubt.  Thus, under the AEDPA, federal court defers to state court evidentiary rulings if the claim presented is noncognizable.[81]

Accordingly, I recommend denying Palmer's second ground for habeas relief because it is a noncognizable issue.

**3.**  ***The State's contemporaneous objection rule prohibits the review of a claim not objected to at trial absent a showing of cause and prejudice.  The State procedural bar is an adequate and independent ground foreclosing federal review.  Palmer did not object to hearsay evidence at trial; and the appellate court did not find cause or prejudice.  Is Palmer's third ground procedurally defaulted?***

As previously, I initially note that Palmer has presented this third ground for habeas relief – purportedly improper introduction of hearsay – as his third assignment of error before

---

[79] *Id*. at 513 (citing *Old Chief v. United States*, 519 U.S. 172 (1997)).

[80] *Id*.

[81] *See*, 28 U.S.C. § 2254 (e)(1).

the Ohio appeals court[82] and as his third proposition of law in the Supreme Court of Ohio.[83]
For the reasons that follow, I recommend dismissing Palmer's third ground for habeas relief
because, as found by the Ohio appeals court, it is procedurally defaulted by reason of
Palmer's failure to object at trial to the introduction of this evidence as mandated by Ohio's
contemporaneous objection rule.

I note first, as did the Ohio appeals court, that the evidence at issue involves testimony
by a detective that Catherine Fleegle had called him to say that Palmer had her car and she
tried to reach him by calling his cell phone.[84]  The detective then further testified that Fleegle
also told him that her name appeared on Palmer's cell phone caller identification as "Cat,"
thus providing the detective with evidence that the phone found in the car driven by the
burglars – a phone showing that it had received a call from "Cat"– was Palmer's phone.[85]

After setting out these background facts, the Ohio appeals court then immediately
stated that Palmer's trial counsel had failed to object to this testimony at the time it was
given.[86]  Therefore, because Palmer had not preserved this issue for appellate review on the
merits by lodging a contemporaneous objection, the appeals court noted that it could only

---

[82] ECF # 11-2 at 27.

[83] *Id*. at 121.

[84] *Id*. at 98.

[85] *Id.*

[86] *Id.*

review the matter under plain error analysis.[87]  On that basis, the court found no plain error and rejected Palmer's claim.[88]

On this record, I note first that the State has argued that this claim should be dismissed here as being procedurally defaulted.[89]  In that regard, it relies on the well-known four-part test for procedural default articulated in *Maupin v. Smith*:[90]

1.  The court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.[91]

2.  The court must decide whether the state courts actually enforced the state procedural sanction.[92]

3.  The court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.[93]

4.  The petitioner must demonstrate under *Sykes*[94] that there was "*cause*" for him to not follow the procedural rule and that he was actually *prejudiced* by the alleged constitutional error.[95]

---

[87] *Id*.

[88] *Id*. at 99.

[89] ECF # 11 at 8-9.

[90] *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

[91] *Id*. at 138.

[92] *Id*.

[93] *Id*.

[94] *See*, *Wainright v. Sykes*, 433 U.S. 72 (1977).

[95] *Maupin*, 785 F.2d  at 138 (emphasis added).

For a petitioner to demonstrate "cause" requires showing that an objective factor, external to the petitioner, impeded his efforts to comply with a state procedural rule;[96] and to demonstrate "prejudice" requires a showing that the trial was infected with constitutional error.[97]  Procedural default may also be excused upon a showing of actual innocence.[98]

Here, I recommend finding that Palmer's third habeas ground is procedurally defaulted because the State has established each of the *Maupin* criteria and has not provided any basis for excusing such default.  First, as the decision of the state appeals court itself shows, the applicable state procedural rule is Ohio's contemporaneous objection rule and Palmer failed to comply with that rule.  Second, as is further directly shown on the face of the appellate decision, the Ohio court enforced the state procedural sanction by not addressing this claim on the merits, but only as a matter of plain error.[99]  Third, Palmer's violation of Ohio's contemporaneous objection rule serves as an adequate and independent state ground barring habeas relief.[100]  Fourth, as is also discussed in the analysis of the next claim for relief, Palmer has failed to demonstrate that he was actually prejudiced by any

---

[96] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[97] *United States v. Frady*, 456 U.S. 152, 168 (1982).

[98] *Schlup v. Delo*, 513 U.S. 298, 326-32 (1995).

[99] ECF # 9-2 at 98.

[100] *Engle v. Isaac*, 456 U.S. 107, 124-25 (1982); Lundgren v. Mitchell, 440 F.3d 754, 765 (6th Cir. 2006) (where the state court declares itself limited to plain error review because of the petitioner's failure to comply with a state procedural rule at trial, the state procedural bar has been invoked).

alleged constitutional error.[101]  In that regard, I note that, given the overwhelming evidence against Palmer, it is hard to imagine how the statement of the detective, even if hearsay, could influence the jury to such a degree so as to "infect [the trial] with constitutional error."[102]  Finally, there is no attempt to show that Palmer is actually innocent.[103]

Accordingly, for the reasons stated, I recommend dismissing Palmer's third claim for habeas relief as procedurally defaulted.

**4.**     ***A valid and fairly presented claim of ineffective assistance of counsel cannot support habeas relief or excuse a procedural default absent a showing of prejudice. The state appellate court did not find prejudice.  Did the court reach a result that was based on an unreasonable application of federal law?***

Palmer presented this fourth ground for habeas relief – ineffective assistance of counsel – as his fourth assignment of error on direct review[104] and as his fourth proposition of law before the Supreme Court of Ohio.[105]

I recommend denying Palmer's fourth ground for habeas relief because the state court correctly found his deficient counsel claim without merit.  As previously observed, this conclusion must also negate any argument that ineffective assistance of trial counsel can serve as "cause" to excuse the procedural default discussed earlier under the third ground for relief.

---

[101] *Frady*, 456 U.S. at 168.

[102] *Id.*

[103] *See*, *Schlup*, 513 U.S. at 324.

[104] ECF # 11-2 at 30.

[105] *Id.* at 185.

Initially, I note again that Palmer raised the claim that his trial counsel was ineffective for not objecting to the detective's testimony concerning Catherine Fleegle as a separate stand-alone issue in his state appeals.[106]  In addition, as noted earlier, establishing ineffective assistance of trial counsel here could also demonstrate cause for the procedural default analyzed under ground three.  Because the Ohio appeals court reviewed this as a separate claim, it will be evaluated here on the same basis.

In that regard, I note initially that the Ohio appeals court began its analysis by citing the United States Supreme Court case of *Strickland v. Washington*[107] as the standard of review for this claim.[108]  As the Ohio court stated,[109] *Strickland* establishes a two-part test for ineffective assistance of counsel:

1. First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment.[110]

2. Second, but rather, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[111]

---

[106] *See*, *id*. at 30 (state appellate court); 124 (Ohio Supreme Court).

[107] *Strickland v. Washington*, 466 U.S. 668 (1984).

[108] ECF # 11-2 at 100.

[109] *Strickland*, 466 U.S. at 688.

[110] *Id*.

[111] *Id*.

Although not directly noted by the Ohio court, it is well-settled that both prongs of the *Strickland* test must be met to establish ineffective assistance.[112] If there is no prejudice from the complained-of conduct, courts are not required to address the issue of attorney competence.[113]

Here, the state court rejected Palmer's claim of ineffective assistance of counsel on the basis that no prejudice was shown.[114] Essentially, the State appellate court determined that Palmer did not prove, but for his lawyer's errors, that a reasonable probability existed that the result of the proceedings would have been different.[115] Given the overwhelming evidence of guilt against Palmer apart from the evidence at issue here – evidence that included the eyewitness identification of Palmer by the victim's brother and the circumstances of Palmer's apprehension by police[116] – the conclusion of the state court that no prejudice resulted from the introduction of this evidence is well-supported.

Thus, without a showing of prejudice, Palmer's ineffective assistance of counsel claim cannot either provide a basis for relief under ground four or excuse his third ground for habeas relief, which is procedurally defaulted.  I recommend denying Palmer's fourth ground

---

[112] *Id.* at 698.

[113] *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004).

[114] ECF # 11-2 at 100.

[115] *Id.* at 101.

[116] *See*, *id.* at 68-69 (State appellate brief).

for habeas relief since the decision of the Ohio court in this regard is not an unreasonable application of *Strickland*.

# Conclusion

For the foregoing reasons, I recommend that the petition of Ricky Palmer for a writ of habeas corpus be dismissed in part, and/or denied in part.

Dated:   July 7, 2010                                   s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[117]

---

[117]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).